IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

BRENDA EVANS,                )
                             )
            Plaintiff,       )
                             )       CIVIL ACTION
v.                           )       FILE NO. 06-cv-00462-REB-MJW
                             )
COMCAST CORPORATION,         )
                             )
            Defendant.       )
                             )

## AGREED PROTECTIVE ORDER

Compliance with discovery in this case will involve review of Confidential Information and medical information of the parties and non-parties to this action, as well as commercially sensitive and private business information. In order to protect the legitimate privacy interests of the parties and non-parties alike, as well as to provide Plaintiff and counsel certain documents potentially relevant to the subject matter of this action, the parties agree to the following:

1. "Confidential Information" shall include Plaintiff's medical records, files maintained by Defendant for current and former employees and commercially sensitive information concerning Defendant's business.

2. Access to these protected materials shall be limited solely to the parties, their respective attorneys of record, the support and clerical personnel of those attorneys, and the parties' expert witness(es) and expert consultant(s), if any.

3. Any documents, exhibits or other materials (or portions thereof) which are to be designated as Confidential Information pursuant to the terms hereof shall be marked on the front page with a stamp or written statement clearly indicating that it is regarded as containing Confidential Information; or as to voluminous productions, they may be marked in any manner agreeable to all counsel that will assure that the documents can be

Atlanta 1013291.1

clearly identified as Confidential Information. A stamp or clearly printed statement in the form as follows shall be regarded as sufficient classification:

**CONFIDENTIAL**

4. Confidential Information that also meets the definition of "Protected Health Information" under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) shall not be used or disclosed by either party for any purpose other than this litigation or proceeding.

5. Confidential Information that also meets the definition of "Protected Health Information" under HIPAA (and all copies) shall be returned by the parties to the source of the Protected Health Information, the "Covered Entity" (as defined by HIPAA), or destroyed at the end of this litigation or proceeding.

6. Nothing in this Order shall prevent disclosure beyond the terms of this Agreement if Defendant or Plaintiff consents in writing to such disclosure or if the Court, after notice to all affected parties, orders such disclosure. This Agreement shall not limit Defendant's right to use its own Confidential Information in any manner it chooses. Nor shall this Stipulation regulate the manner of receipt of any evidence at a hearing or the use of documents in the taking of depositions.

7. A party's inadvertent or unintentional disclosure of any of its or her own Confidential Information shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality, either as to the specific Confidential Information disclosed or as to other related information.

8. The provisions of this Order shall not affect the admissibility of evidence at trail [TRIAL] or any preliminary evidentiary proceeding, except as directed by separate order entered for good cause shown, and this Order shall not be construed as a waiver by any party of any

2

Atlanta 1013291.1

objection that might be raised as to the discoverability or admissibility at trial of any document, information testimony.

9. Either party may at any time seek modification, revision, clarification, or termination of this Order.

IT IS SO ORDERED, this 17TH day of MAY, 2006.

UNITED STATES MAGISTRATE JUDGE

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE

AGREED TO AND ACCEPTED BY:

/s/ Lisa Sahli
R. Craig Ewing
Lisa Sahli
Ewing & Ewing, P.C.
3601 S. Pennsylvania Street
Englewood, CO 80113
(303) 766-1400
Facsimile: (303) 761-8100
rcraigewing@aol.com
Lsahli17@cs.com

Attorneys for Plaintiff Brenda Evans

/s/Rebecca J. Jakubcin
Robert P. Foster
Georgia Bar No. 271060
Rebecca J. Jakubcin
Georgia Bar No. 388767
FISHER & PHILLIPS LLP
945 East Paces Ferry Road
1500 Resurgens Plaza
Atlanta, GA 30326
(404) 231-1400
Facsimile: (404) 240-4249
rfoster@laborlawyers.com
rjakubcin@laborlawyers.com

Stephen G. Gurr
Elizabeth R. Rita
Kamlet, Shepherd & Reichert, LLP
1515 Arapahoe Street
Tower 1, Suite 1600
Denver, Colorado 80202
Ph. (303) 825-4200
Fax (303) 825-1185
sgurr@ksrlaw.com
erita@ksrlaw

Attorneys for Defendant Comcast Corporation