**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 06-cv-00462-REB-MJW

BRENDA EVANS,

    Plaintiff,

v.

COMCAST OF COLORADO, IX, LLC,

    Defendant.

**ORDER CONCERNING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT**

**Blackburn, J.**

    This matter is before me on the following motions: 1) **Defendant's Motion for Summary Judgment** [#47], filed August 31, 2006; and 2) **Comcast's Motion for Summary Judgment and Brief In Support** [#75], filed May 23, 2007. The plaintiff has filed a responses to both motions [#51 & #87], and the defendant has filed replies [#57 & #92]. I grant the **Defendant's Motion for Summary Judgment** [#47] as to the plaintiff's claim under §24-34-402, C.R.S., and as to the plaintiff's failure to promote claim concerning her July 2004, application for a Finance Manager position. Otherwise, I deny the motions.[1]

---

[1] The issues raised by and inherent to the motions for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motions stand submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## I. JURISDICTION

I have subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1367 (supplemental jurisdiction).

## II. SUMMARY JUDGMENT - STANDARD OF REVIEW

Under **FED. R. CIV. P. 56(c)**, summary judgment is proper only if the evidence, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to summary judgment as a matter of law. ***Farthing v. City of Shawnee, Kan***. 39 F.3d 1131, 1134 (10th Cir. 1994).  A "material" fact is one "that might affect the outcome of the suit under the governing law," ***Id.*** at 1135 (citing ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986)), and a "genuine" issue is one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." ***Id.*** (citing ***Anderson***, 477 U.S. at 248).

## III. ANALYSIS

### A.  Colorado Anti-Discrimination Act Claim

The plaintiff signed a waiver that, on its face, covers a variety of claims.  The plaintiff does not dispute the defendant's contention that the plaintiff's waiver covers any claim the plaintiff may have under §24-34-402, C.R.S., which is part of the Colorado Anti-Discrimination Act.  *Plaintiff's response* [#51], filed September 20, 2006, pp. 8 - 9.  Therefore, I grant the **Defendant's Motion for Summary Judgment** [#47] as to the plaintiff's claims under §24-34-402, C.R.S.

### B.  July 2004, Failure To Promote Claim

The plaintiff applied for a position as a Finance Manager in July, 2004, a

position which would have been a promotion for the plaintiff.  The defendant did not hire the plaintiff for this position.  The plaintiff claims the defendant discriminated against her on the basis of her age when the defendant did not promote her to this position in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 - 634.

The defendant argues that it is entitled to judgment as a matter of law on this claim because the plaintiff failed to exhaust her administrative remedies as to this claim.  Under 29 U.S.C. § 626 (d), a civil action alleging a violation of the ADEA may not be brought "until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission."  The plaintiff concedes that she did not raise this particular incident in her EEOC charge.  However, the plaintiff argues that she exhausted her administrative remedies as to this claim because it is like or reasonably related to the other allegations of age discrimination in her EEOC charge.

In ***National R.R. Passenger Corp. v. Morgan***, the United States Supreme Court held that a plaintiff may not pursue a civil action based on a discrete act of employment discrimination unless a timely charge of discrimination asserting that discrete act of discrimination has been filed.  536 U.S. 101, 113 (2002).

> Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed.

***Id***.

> (U)nexhausted claims involving discrete employment actions are no longer viable. **Morgan** abrogates the continuing violation doctrine as previously applied to claims of discriminatory or retaliatory actions by employers, and replaces it with the teaching that each discrete incident of such treatment constitutes is own unlawful employment practice for which administrative remedies must be exhausted. Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify.

*Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003).

The decision not to promote the plaintiff to the Finance Manager position for which she applied in July 2004, is a discrete act that is easy to identify. Under **Morgan** and **Martinez**, the plaintiff was required to file an EEOC charge citing this discrete incident of alleged age discrimination before she could file a civil action alleging age discrimination based on this incident. The plaintiff did not file such an EEOC charge. Therefore, under 29 U.S.C. § 626 (d), the plaintiff is not permitted to pursue an age discrimination claim based on the July, 2004, failure to promote. I grant the **Defendant's Motion for Summary Judgment** [#47] as to the plaintiff's age discrimination claim based on the July, 2004, failure to promote.

### C.  Other Claims

I have reviewed carefully the parties' briefs concerning the other bases for summary judgment argued by the defendant. I find that there are genuine issues of material fact relating to the plaintiff's other claims. These genuine issues of material fact preclude summary judgment in favor of the defendant. **FED. R. CIV. P. 56(c)**.

### IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Motion for Summary Judgment** [#47], filed August 31, 2006, is **GRANTED** as to the plaintiff's claims under §24-34-402, C.R.S.;

5

      2.  That the **Defendant's Motion for Summary Judgment** [#47], filed August 31, 2006, is **GRANTED** as to the plaintiff's ADEA claim based on the defendant's failure to promote the plaintiff to the position of Finance Manager in July, 2004;

      3.  That the **Defendant's Motion for Summary Judgment** [#47], filed August 31, 2006, is **DENIED** otherwise; and

      4.  That **Comcast's Motion for Summary Judgment and Brief In Support** [#75], filed May 23, 2007, is **DENIED**.

    Dated July 24, 2007, at Denver, Colorado.

                                      **BY THE COURT:**

                                      **s/ Robert E. Blackburn**
                                      **Robert E. Blackburn**
                                      **United States District Judge**